UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JO ANN HARPOLD and JEFF HARPOLD,** )<br>)<br>   **Plaintiffs,**            )<br>)<br>      vs.                         )<br>)<br>**ETHICON ENDO-SURGERY, INC.,**       )<br>)<br>   **Defendant.**            ) | CAUSE NO.  1:06-cv-1666-DFH-WTL |

### ENTRY ON MOTION FOR PROTECTIVE ORDER

The parties in this product liability action agree that a protective order is appropriate to protect the Defendant's confidential business information that will be produced during the course of discovery; the parties have been unable to agree, however, on the specific provisions that should be contained in the protective order.  Accordingly, the Defendant has submitted a protective order and the Plaintiffs have objected to certain provisions contained therein and proposed their own protective order that eliminates the objectionable provisions.  The parties also have briefed their arguments in support of their respective positions.  The Magistrate Judge, being duly advised, overrules the Plaintiffs' objections and **GRANTS** the Defendant's motion for protective order to the extent and for the reasons set forth below.

The Plaintiffs first argue that the Defendant has failed to provide an adequate definition of the information it seeks to protect and also has failed to demonstrate good cause for protecting the information.  The Magistrate Judge disagrees.  The Defendant's proposed protective order sets forth with sufficient particularity the information in question (hereinafter referred to as "confidential information") and the justification for keeping the information out of the public domain; if the Plaintiffs believe that the Defendant is applying the definition too expansively and designating documents improperly, they may (and should) bring that to the Court's attention

promptly.

The Plaintiffs next object to several of the specific provisions in the Defendant's proposed protective order. First, they object to what they characterize as "[t]he requirement that any witnesses in the case (expert or otherwise) sign affidavits submitting to the jurisdiction of the court and agreeing to criminal and civil penalties if they subsequently disclose confidential information," asserting that the Plaintiffs have no authority to require a non-expert witness to agree to such a provision. However, the provision in question–which actually requires the execution of a Confidentiality Agreement, not an affidavit–applies only to those witnesses to whom the Plaintiffs wish to show the Defendant's confidential information; typically, only expert witnesses would be provided such information from the Plaintiffs. Other witnesses typically would be testifying regarding facts about which they have personal knowledge, and thus they generally would not be required to sign the Confidentiality Agreement. The provision in question is a reasonable means of ensuring that the Defendant's confidential information is maintained as such. So, too, is the requirement that a witness sign the Confidentiality Agreement before he or she copies or retains portions of his or her deposition that contain confidential information that he or she did not provide.

Next, the Plaintiffs object to "[t]he requirement that Plaintiffs provide written information about witnesses, such as their prior employer's names and addresses for the previous five years prior to discussing documents with them so that Defendant can determine whether or not they are 'competitors.'" Again, the Plaintiffs overstate the reach of the provision in question; it applies only to those witnesses who potentially are competitors of the Defendant and with whom the Plaintiffs wish to share the Defendant's confidential information. The Plaintiffs argue that the only way that they will be able to obtain the required background information from non-party witnesses will be to depose them; again, however, it is unlikely that the Plaintiffs will need to

share the Defendant's confidential information with witnesses other than their expert witnesses, from whom the Plaintiffs can easily obtain background information.  The Magistrate Judge determines that the likely burden of this provision on the Plaintiffs is outweighed by the Defendant's right to protect its confidential information.

Next, the Plaintiffs argue that former employees of the Defendant should be excluded from the definition of "competitor" because they "presumably already know the substance of potentially protected material because their only conceivable role in this case would be based on their connection with the product at issue during the employment with the Defendant."  While it might be true that any given former employee would already have knowledge of some of the Defendant's confidential information, it certainly cannot be said that *every* former employee has previously had access to *all* of the confidential information.  Further, while, as Plaintiffs note, a former employee is likely already subject to a confidentiality agreement with the Defendant, such an agreement likely would pertain only to information obtained during the course of employment; it would not necessarily apply to information obtained independently after that employment ended, such as from the Plaintiffs in this lawsuit.  Accordingly, it would not be reasonable to exclude former employees from the definition of "competitor."

Finally, the Plaintiffs object to the provisions of the Defendant's proposed protective order that relate to filing documents with the court under seal and using documents at trial.  The latter is a non-issue; the protective order simply requires that the Plaintiffs give the Defendant advance notice of any confidential documents they intend to offer at trial, something that they are required to do with regard to all exhibits.  If the Defendant believes that the Plaintiffs' anticipated exhibits contain information that should be maintained as confidential at trial, the Defendant will have the burden of making the requisite showing at that time.  The provision that confidential documents must be filed under seal also is reasonable; as long as the Defendant adheres to the

definition of confidential documents and does not abuse the confidentiality designation–and, again, any such abuse should be brought to the court's attention promptly by the Plaintiff–then it is appropriate for such documents to be filed under seal. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir.1999) ("There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.").

For the reasons set forth above, the Magistrate Judge **GRANTS** the Defendant's motion for protective order. However, the protective order entered by the Magistrate Judge this date differs from the Defendant's proposed protective order in two respects. First, the Defendant's proposed protective order fails to provide that any interested member of the public may challenge a confidentiality designation; that provision has been added by the Magistrate Judge. Second, while the Plaintiffs do not object on this ground, the Magistrate Judge notes that the proposed protective order, as written, does not make it clear that only documents containing confidential information are subject to the protective order; if taken literally, both the Defendant's and the Plaintiffs' proposed orders require the Defendant to stamp *every* document it produces as a "Protected Document." Clearly this is not the parties' intent, and the Magistrate Judge has modified the protective order to make their intent more clear.

SO ORDERED:   10/02/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification