UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JO ANN HARPOLD and JEFF HARPOLD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-1666-DFH-DML |
| ) | |
| ETHICON ENDO-SURGERY, INC., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTION TO RECONSIDER

On January 5, 2009, the court issued its entry denying defendant's motion for summary judgment. Dkt. No. 73. This entry also granted plaintiffs' motion to supplement its designation of evidence with a report from engineer William Dickinson. Defendant has moved for the court to reconsider both rulings. Dkt. No. 75. This motion is denied.[1]

Defendant makes several arguments. First, defendant argues that the court should not have considered the Dickinson report because it was not supported by an affidavit. Defendant is correct that the Dickinson report should have been supported by an affidavit. See Fed. R. Civ. P. 56(e). Plaintiff has now filed an

---

[1] Defendant also asks the court to reconsider its order unsealing Exhibit D of Docket 40. This request is denied.

affidavit from Dickinson supporting his report. Dkt. No. 78. The belated affidavit is sufficient to support the use of the report at the summary judgment stage.

Second, defendant argues that it did not have a sufficient opportunity to respond to the Dickinson report. The court ruled on the summary judgment motion after it had been fully briefed and after plaintiffs' motion to supplement had been fully briefed. The court denied the summary judgment motion because the court concluded that the late Dickinson report was sufficient to establish a disputed issue of material fact and the interests of justice weighed in favor of excusing the late submission. Further briefing and evidence on the motion for summary judgment was not necessary. See Fed. R. Civ. P. 1.

Third, defendant argues that it did not have an opportunity to prepare a *Daubert* or similar motion challenging the admissibility of the Dickinson evidence. Defendant has now filed a motion to exclude Dickinson's testimony from trial. See Dkt. No. 84. The court will address this argument when it addresses the motion to exclude for purposes of the trial.

Finally, in its reply brief, defendant argues that the court should delay ruling on the motion to reconsider to give defendant time to respond to "additional opinions" in the Dickinson affidavit. These additional opinions have not affected the court's denial of summary judgment, which was entered prior to their

submission. The court will not delay further the ruling on the motion to reconsider.

Defendant's motion to reconsider is denied. Dkt. No. 75. The final pretrial conference remains set for Friday, April 3, 2009 at 10:00 a.m. The trial remains set for Monday, April 13, 2009 at 9:00 a.m.

So ordered.

Date:  March 11, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kevin R. Knight
ICE MILLER LLP
kevin.knight@icemiller.com

Nancy Menard Riddle
ICE MILLER LLP
nancy.riddle@icemiller.com

John F. Townsend III
TOWNSEND & TOWNSEND
townsendlawfirm@sbcglobal.net